(116 P.3d 759)
No. 92,169

STATE OF KANSAS, *Appellant*, v. DONELLA J. PARKER, *Appellee*.

Opinion filed August 5, 2005.

*Karen S. Smart*, assistant district attorney, *Keith E. Schroeder*, district attorney, and *Phill Kline*, attorney general, for appellant.

*Virgina A. Girard-Brady*, assistant appellate defender, for appellee.

Before GREENE, P.J., CAPLINGER and BUSER, JJ.

BUSER, J.: On April 15, 2004, the Reno County District Court dismissed without prejudice a complaint/information charging Donella J. Parker with aggravated battery, upon receipt of a forensic evaluation report prepared by the Larned State Hospital that concluded that Parker was "not competent to stand trial and will not become competent in the foreseeable future." No competency hearing was ever held. The State appeals the district court's failure

to conduct a competency hearing and dismissal. We reverse and remand.

## Factual and Procedural Background

On January 27, 2004, Parker was charged in the Reno County District Court with aggravated battery pursuant to K.S.A. 21-3414(a)(1)(B). The following day, January 28, 2004, the district court, on its own motion, ordered the Larned State Hospital to conduct a "psychiatric or psychological evaluation of the defendant and provide to the Court its findings and opinion of the defendant's competency to stand trial." The district court's order was predicated upon K.S.A. 22-3302. On February 5, 2004, upon motion of defense counsel, the district court ordered Horizon's Mental Health Center in Hutchinson, Kansas, to conduct "a mental health evaluation to determine competency to stand trial and an I.Q. determination." This order was made pursuant to K.S.A. 22-3301 *et seq.* Included in this filing was an order to transport Parker to the mental health center on February 9, 2004. The record on appeal does not indicate if Parker was ever evaluated at this facility and, if so, whether a report was prepared addressing her competency. Another transportation order was issued on February 11, 2004, to transport Parker to Larned State Hospital.

On April 15, 2004, the district court filed an "ORDER OF DISMISSAL AND CIVIL COMMITMENT PROCEEDINGS." No competency hearing was held prior to the issuance of this order. In the court's order the district court indicated it had received a forensic evaluation report from Larned State Hospital. According to the district court, "[t]he report concludes, after an evaluation pursuant to K.S.A. 22-3303, that Donella J. Parker is not competent to stand trial and will not become competent in the foreseeable future." The district court ordered the "criminal proceedings be dismissed without prejudice." Finally, the court further ordered the Secretary of the Department of Social and Rehabilitation Services (SRS) "to commence involuntary commitment proceedings pursuant to Article 29 of Chapter 59 of the Kansas Statutes Annotated."

On April 21, 2004, the State appealed from the "Order of Dismissal and Civil Commitment Proceedings."

## Issues on Appeal

The State raises two issues on appeal. First, the State contends the district court erred in failing to conduct a competency hearing pursuant to K.S.A. 22-3302(1). Parker counters by citing *State v. Costa,* 228 Kan. 308, 317, 613 P.2d 1359 (1980), for the proposition that "K.S.A. 22-3302 does not require the trial court to conduct a hearing."

Second, the State complains that the district court did not comply with the provisions of K.S.A. 2004 Supp. 22-3303 when it simultaneously dismissed Parker's criminal case and ordered SRS to commence involuntary commitment proceedings. Parker responds that there was no abuse of discretion because "the trial court's actions left the defendant's constitutional and statutory rights intact, and simultaneously left open the possibility that the State could refile charges in the event that the defendant's competency ceased to be an issue."

## Standard of Review

"Interpretation of a statute is a question of law, and an appellate court's review is unlimited. An appellate court is not bound by the district court's interpretation of a statute. [Citation omitted.]" *State v. Maass,* 275 Kan. 328, 330, 64 P.3d 382 (2003).

## K.S.A. 22-3302(1) Competency Hearing

K.S.A. 22-3302(1) provides:

"At any time after the defendant has been charged with a crime and before pronouncement of sentence, the defendant, the defendant's counsel or the prosecuting attorney may request a determination of the defendant's competency to stand trial. If, upon the request of either party or upon the judge's own knowledge and observation, the judge before whom the case is pending finds that there is reason to believe that the defendant is incompetent to stand trial the proceedings shall be suspended and a hearing conducted to determine the competency of the defendant."

The State argues that the plain language of this statute places a mandatory obligation on the district court to hold a hearing re-

garding defendant's competency. Parker disputes that a competency hearing is mandatory and argues that the handling of a defendant's competency determination is a matter of judicial discretion.

We begin our analysis with a plain reading of K.S.A. 22-3302(1). The statute's language is clear and unequivocal. Once a district court finds "there is reason to believe that the defendant is incompetent to stand trial the proceedings *shall be suspended and a hearing conducted* to determine the competency of the defendant." (Emphasis added.) While the district court has discretion to determine if a reason exists to believe the defendant is incompetent, the language of the statute requires a hearing prior to the district court's ultimate determination of whether the defendant is, in fact, incompetent.

In this regard, "[t]he legislature is presumed to have expressed its intent through the language of the statutory scheme it enacted. When a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. [Citation omitted.]" *Williamson v. City of Hays*, 275 Kan. 300, 305, 64 P.3d 364 (2003). Moreover, in the interpretation of statutes, ordinary words are to be given their ordinary meaning. *GT, Kansas, L.L.C. v. Riley County Register of Deeds*, 271 Kan. 311, 316, 22 P.3d 600 (2001). The plain and simple language of K.S.A. 22-3302(1) compels the conclusion that the district court must conduct a hearing with regard to the determination of a defendant's competency to stand trial.

Our review of Kansas case law confirms our understanding of the plain meaning of the statutory language. In *Costa*, the Kansas Supreme Court reviewed the exact same language found in the predecessor statute and held: "When the accused's competency to stand trial is in question pursuant to K.S.A. 1979 Supp. 22-3302, the determination is for the trial court *after conducting a hearing.*" (Emphasis added.) 228 Kan. at 317. In *Costa*, the district court "provided a hearing on the question of competency, by giving the appellant's counsel the opportunity to present evidence of incompetency" and by considering "evidence presented, in the form of

physicians reports," that concluded the defendant was competent. 228 Kan. at 317-18.

Parker cites *Costa*, however, in support of her claim that a competency hearing was not statutorily required. Parker's reliance on *Costa* is misplaced. The Kansas Supreme Court in *Costa* did not, as argued by Parker, hold that "K.S.A. 22-3302 does not require the trial court to conduct a hearing." *Costa* declined to mandate that "there must be an evidentiary hearing where the accused has the opportunity to present evidence and question the court appointed physicians," or what it colloquially referred to as "a full blown adversary hearing" to determine competency. 228 Kan. at 317.

*Costa* stands for the proposition that a hearing is required before a determination of competency, but there is no statutory mandate for the presentation of live testimony and cross-examination of witnesses at the hearing. Thus, the statute requires a competency hearing but permits the district court to use appropriate discretion to determine the nature and extent of evidence presented at the hearing.

In the present case, the district court committed error when it failed to conduct any competency hearing as required by K.S.A. 22-3302(1).

### Dismissal of Criminal Charge Pursuant to K.S.A. 2004 Supp. 22-3305

K.S.A. 2004 Supp. 22-3303(1) states in relevant part:

"A defendant who is charged with a felony and is found to be incompetent to stand trial shall be committed for evaluation and treatment to the state security hospital or any appropriate county or private institution. . . . Within 90 days after the defendant's commitment to such institution, the chief medical officer of such institution shall certify to the court whether the defendant has a substantial probability of attaining competency to stand trial in the foreseeable future. . . . If such probability does not exist, the court shall order the secretary of social and rehabilitation services to commence involuntary commitment proceedings . . . ."

In the present case, in accordance with K.S.A. 2004 Supp. 22-3303(1), the district court ordered involuntary commitment proceedings on April 15, 2004. In the same order, however, the court

dismissed the aggravated battery charge against Parker without prejudice.

The State contends that under K.S.A. 2004 Supp. 22-3305, charges may only be dismissed after the defendant is not committed, or is committed but will be discharged, and the State is afforded the opportunity to request a hearing. Parker responds that the dismissal of the criminal case was a simple matter of judicial discretion which protected both parties' legal interests.

K.S.A. 2004 Supp. 22-3305 states:

"(1) Whenever involuntary commitment proceedings have been commenced by the secretary of social and rehabilitation services . . . and the defendant is not committed to a treatment facility as a patient, . . . the secretary shall promptly notify the court and the county or district attorney of the county in which the criminal proceedings are pending of the result of the involuntary commitment proceeding.

"(2) Whenever involuntary commitment proceedings have been commenced by the secretary of social and rehabilitation services . . . and the defendant is committed to a treatment facility as a patient but thereafter is to be discharged . . . the head of the treatment facility shall promptly notify the court and the county or district attorney . . . that the defendant is to be discharged.

". . . Upon request of the county or district attorney, the court may set a hearing on the issue of whether or not the defendant has been restored to competency. If no such request is made within 10 days after receipt of notice pursuant to subsection (1) or (2), the court shall order the defendant to be discharged from commitment and shall dismiss without prejudice the charges against the defendant . . . ."

Once again, a plain reading of the statute is dispositive of this issue. In those cases wherein a district court has ordered commencement of involuntary mental commitment proceedings at a treatment facility, K.S.A. 2004 Supp. 22-3305 directs that both the district court and the State be notified when one of two developments occur: (1) the defendant has been evaluated and is not involuntarily committed or (2) the defendant has been evaluated, involuntarily committed, and is to be discharged. Under either scenario, as part of this notification, the head of the treatment facility must render an opinion as to whether the defendant is competent to stand trial.

The statutorily mandated notification is important because it triggers a 10-day period for the State to request a "hearing on the

issue of whether or not the defendant has been restored to competency." K.S.A. 2004 Supp. 22-3305(2). Unlike the provisions of K.S.A. 22-3302(1) which require a competency hearing, K.S.A. 2004 Supp. 22-3305(2) provides that "the court *may* set a hearing on the issue of whether or not the defendant has been restored to competency." (Emphasis added.) Such language obviously affords the district court discretion in the determination of whether to conduct a hearing. In the event the State does not make a request for a hearing within 10 days, the district court is required to discharge the defendant from commitment and "*shall* dismiss without prejudice the charges against the defendant." (Emphasis added.) K.S.A. 2004 Supp. 22-3305(2).

In the case at bar, the district court violated the clearly stated provisions of K.S.A. 2004 Supp. 22-3305 by dismissing the criminal proceedings against Parker prior to receipt of the notice from the Secretary of SRS regarding the disposition of Parker's involuntarily commitment proceeding, the treatment facility's opinion regarding competency, and the expiration of the statutorily mandated 10-day period of time for the State to request a hearing to determine if Parker had been restored to competency.

The district court's actions were not a matter of judicial discretion. As our Supreme Court has observed, "A decision which is contrary to the evidence or the law is sometimes referred to as an abuse of discretion, but it is nothing more than an erroneous decision, or a judgment rendered in violation of law. [Citation omitted.]" *Saucedo v. Winger*, 252 Kan. 718, 730, 850 P.2d 908 (1993). Regarding the two issues on appeal, the statutory language did not provide the district court with any discretion to disregard the clearly stated and mandatory provisions of K.S.A. 22-3302(1) and K.S.A. 2004 Supp. 22-3305(2).

In its brief, the State advises that, subsequent to the dismissal of this case, on

May 19, 2004, the district court received a report from SRS pursuant to K.S.A. 22-3305(2) indicating that Parker did not meet the criteria for a mentally ill person subject to involuntary commitment, was not competent to stand trial, and was unlikely to attain competency in the foreseeable future. Given the current status of

this case, we have endeavored to fashion an appropriate remedy that would provide the State an opportunity to be heard on the matter of competency, while not burdening the court and parties by requiring, at this late stage in the litigation, an initial competency hearing pursuant to K.S.A. 22-3302.

The district court's order dismissing without prejudice the criminal proceedings against Parker is reversed. The case is remanded to the district court for a hearing in accordance with K.S.A. 2004 Supp. 22-3305(2) on the issue of whether or not the defendant has been restored to competency.